IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| KENTORRE D. HALL | § | PLAINTIFF |
| | § | |
| v. | § | Civil No. 1:17CV42-HSO-JCG |
| | § | |
| UNITED STATES OF AMERICA, *et al.* | § | DEFENDANTS |

**ORDER ADOPTING MAGISTRATE JUDGE'S [56] REPORT AND RECOMMENDATION; GRANTING DEFENDANTS UNITED STATES OF AMERICA AND MELANIE RUBE'S [29] MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S [38] MOTION FOR CROSS SUMMARY JUDGMENT; AND DISMISSING PLAINTIFF'S CLAIMS AGAINST DEFENDANTS UNITED STATES OF AMERICA AND MELANIE RUBE**

This matter comes before the Court on the Report and Recommendation [56] of United States Magistrate Judge John C. Gargiulo entered in this case on July 25, 2018, the Motion to Dismiss and/or for Summary Judgment [29] filed by Defendants United States of America and Melanie Rube on September 13, 2017, and the Motion for Cross Summary Judgment [38] filed by Plaintiff Kentorre D. Hall on October 20, 2017. Based upon a review of the pleadings and relevant legal authority, the Magistrate Judge recommended that Defendants' Motion to Dismiss and/or for Summary Judgment [29] be granted, and that Plaintiff's Motion for Cross Summary Judgment [38] be denied. R. & R. [56] at 14.

For the reasons that follow, the Court finds that the Report and Recommendation [56] should be adopted in its entirety as the finding of this Court.

Defendants' Motion to Dismiss and/or for Summary Judgment [29] should be granted, and Plaintiff's Motion for Cross Summary Judgment [38] should be denied. Plaintiff's claims against Defendant United States of America will be dismissed without prejudice for lack of subject-matter jurisdiction, and his claims against Defendant Melanie Rube will be dismissed with prejudice. Plaintiff's claims against the remaining Defendants Sheriff of Pearl River County, Mississippi; David "Unknown," Nursing Supervisor; Pearl River County, Mississippi; David Kilgore; and John Does will proceed.

I. BACKGROUND

A. Factual Background

At all relevant times, Plaintiff Kentorre D. Hall was a pretrial detainee incarcerated at the Pearl River County Justice Center ("PRCJC") in Poplarville, Mississippi, while awaiting trial on federal charges. While in the custody of the United States Marshal, Plaintiff, who is a quadriplegic, was housed at PRCJC pursuant to an Intergovernmental Agreement ("IGA") for detention of federal prisoners. *See* Decl. of Melanie Rube [29-1] at 2; *see also* IGA [29-1] at 6-16.

Defendants have presented the Declaration of Defendant Melanie Rube ("Rube"), who was the Supervisory Deputy United States Marshal for the Southern District of Mississippi at the time. According to the Declaration, the Bureau of Alcohol, Tobacco and Firearms [sic] ("ATF") contacted Rube several months before Plaintiff's arrest to inform her of Plaintiff's medical issues in the event he should become a pretrial detainee. Decl. of Melanie Rube [29-1] at 2. Rube avers that, in

an effort to identify a facility that could address Plaintiff's medical needs, she contacted local jails with which the United States Marshals Service ("USMS") had IGAs in place and consulted medical personnel at the Office of Interagency Medical Services ("OIMS"), Prisoner Operations Division, at USMS Headquarters for guidance. *Id.* Based upon this research and consultation, Rube states that the USMS determined that the PRCJC could accommodate Plaintiff's medical needs in the event he became a pretrial detainee. *Id.*

ATF agents arrested Plaintiff on December 17, 2013, and brought him to the USMS office, after which he was transported to PRCJC. Plaintiff complains about the purported inadequate medical care and hygiene assistance he received at PRCJC and about the insertion of a particular type of catheter. *See* Compl. [1] at 8-11. As a result of the foregoing, Plaintiff claims that he has suffered personal injuries including ulcers, pressure wounds, and urinary tract infections. *See id.* Plaintiff has attached to his Complaint medical records [1-2], which he maintains support his claims.

At some point, Rube began discussing with OIMS the possibility of moving Plaintiff to the Columbia Care Center, known as "Just Care," in Columbia, South Carolina. Decl. of Melanie Rube [29-1] at 4. Just Care is apparently a long-term care facility for detainees that provides enhanced nursing and medical treatment for prisoners and detainees. *Id.* Rube participated in a conference call with the United States District Judge assigned to Plaintiff's criminal case, the assigned Assistant United States Attorney, and Plaintiff's criminal defense attorney, and all

agreed that Just Care would be better able to handle Plaintiff's medical needs while he awaited trial. *Id.* Plaintiff was transported to Just Care on or about March 21, 2014, but was returned to PRCJC on August 11, 2014, in order to prepare for and attend his criminal trial. *Id.*

B.  Procedural History

Plaintiff executed a pro se Complaint [1] on January 31, 2017, which was filed in this Court on February 24, 2017. The Complaint advances claims against Rube in her individual capacity for alleged infliction of cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). The Complaint also raises claims against the United States under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* ("FTCA"), the Rehabilitation Act, 29 U.S.C. § 794, the Equal Protection Clause of the Fourteenth Amendment, and the Due Process Clause of the Fifth Amendment. Compl. [1] at 12-13. All of Plaintiff's claims arise out of the actions taken by individuals prior to Plaintiff's transport to Just Care in March 2014. *See id.* at 7-11. Plaintiff asserts claims against other Defendants as well, but those are not before the Court at this time.

On September 13, 2017, the United States and Rube (collectively, "Defendants") filed a Motion to Dismiss and/or for Summary Judgment [29], arguing among other things that Plaintiff's claims against the United States should be dismissed for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). *See* Defs.' Mem. [30] at 11-18. Defendants maintain that the

discretionary function and independent contractor exceptions to the waiver of sovereign immunity under the FTCA govern the outcome here. *See id.* at 12-18. Defendants argue that the Rehabilitation Act claims should be dismissed because Congress has not waived sovereign immunity for damages with regard to programs or activities conducted by an executive agency. *See id.* at 2 n.3 (citing *Lane v. Pena*, 518 U.S. 187, 193-94 (1996)). As for Plaintiff's claims against Rube, Defendants take the position that these claims should be dismissed because the statute of limitations bars them, because Plaintiff has not shown that Rube exhibited deliberate indifference, and because Rube is entitled to qualified immunity. *See* Defs.' Mem. [30] at 7-11.

On October 20, 2017, Plaintiff filed a Response [37] in opposition to Defendants' Motion [29], as well as his own Motion for Cross Summary Judgment [38]. Plaintiff's Brief [40] addresses exhaustion of the administrative remedy procedure, which is not at issue in Defendants' Motion [29]. *See* Pl.'s Br. [40] at 1-4. Plaintiff also cites Mississippi case law and statutes related to latent injuries to argue that his claims did not accrue until he retrieved his medical records in March 2015, making his Complaint timely under Mississippi's catchall three-year statute of limitations for tort claims. *Id.* at 4; *see* Miss. Code Ann. § 15-1-49(1). Plaintiff also relies on the Eighth Circuit Court of Appeals' "continuous treatment doctrine"

in support of his position that his claim is timely. *Id.* at 5 (citing *McCullough v. United States*, 607 F.3d 1355 (11th Cir. 2010)).[1]

Defendants have filed a Rebuttal [44] in support of their Motion [29], and Plaintiff has filed an unauthorized Supplement [49] and Sur-Reply [50]. Plaintiff presents Affidavits [49-1], [49-2] from his mother and grandmother, and argues that compensatory damages are available for his Rehabilitation Act claims, that his claims against Rube were tolled, and that the discretionary function exception does not bar his FTCA claims. *See* Pl.'s Sur-Reply [37] at 1-4.

On July 25, 2018, the Magistrate Judge entered a Report and Recommendation [56], recommending that Defendants' Motion to Dismiss and/or for Summary Judgment [29] be granted, and that Plaintiff's Motion for Cross Summary Judgment [38] be denied. R. & R. [56] at 14. The Magistrate Judge determined that Plaintiff's *Bivens* claim against Rube fails for three reasons: (1) the statute of limitations expired prior to the filing of the Complaint; (2) Plaintiff has not shown that Rube was deliberately indifferent; and (3) Rube is entitled to qualified immunity. *Id.* at 5-10. As for the FTCA claim against the United States, the Magistrate Judge found that both the independent contractor exception and the

---

[1] While Plaintiff cites *McCullough* as a case from the United States Court of Appeals for the Fifth Circuit, it is actually an Eleventh Circuit case. *See* Pls.' Mem. [37] at 5. In *McCullough*, the Eleventh Circuit noted that "neither the Eleventh Circuit nor the former Fifth Circuit has specifically adopted the continuous treatment doctrine," and the court "decline[d] to do so here." *McCullough*, 607 F.3d at 1361; *but see Wehrman v. United States*, 830 F.2d 1480, 1483 (8th Cir. 1987) ("Under the continuing treatment doctrine, a plaintiff's cause of action does not accrue until the tortious continuing treatment ends, even if the plaintiff is aware of the facts constituting negligence before that time.").

discretionary function exception to the waiver of sovereign immunity applied, such that the United States' sovereign immunity had not been waived. *Id.* at 10-12.

With respect to Plaintiff's Rehabilitation Act claim against the United States, the Magistrate Judge concluded that Congress has not waived the Government's sovereign immunity from monetary damages claims brought under Section 504 of the Rehabilitation Act, such that Plaintiff's claims under that statute, which only seek monetary damages, should be dismissed. *Id.* at 13. Finally, as for Plaintiff's equal protection and due process claims, the Magistrate Judge determined that these claims were subsumed by the other claims addressed above, and even if not, Plaintiff had failed to sufficiently allege a denial of equal protection or due process and failed to state a claim upon which relief could be granted. *Id.* at 13-14.

The Report and Recommendation [56] was mailed to Plaintiff on July 25, 2018, via certified mail. Any objection to the Magistrate Judge's Report and Recommendation [56] was due within fourteen (14) days of service. L.U. Civ. R. 72(a)(3). To date, Plaintiff has not filed any objection to the Magistrate Judge's Report and Recommendation [56], and the time for doing so has passed.

## II. DISCUSSION

Where no party has objected to a Magistrate Judge's report and recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made"). In such cases, the Court applies the "clearly erroneous, abuse of

discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law. The Court will adopt the Magistrate Judge's Report and Recommendation [56] as the opinion of this Court, will grant Defendants' Motion to Dismiss and/or for Summary Judgment [29], and will deny Plaintiff's Motion for Cross Summary Judgment [38]. The Court will dismiss Plaintiff's claims against Defendant United States of America without prejudice for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), and will dismiss Plaintiff's claims against Defendant Melanie Rube with prejudice pursuant to Rule 56(a).

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [56] of United States Magistrate Judge John C. Gargiulo entered in this case on July 25, 2018, is **ADOPTED** as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion to Dismiss and/or for Summary Judgment [29] filed by Defendants United States of America and Melanie Rube on September 13, 2017, is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion for Cross Summary Judgment [38] filed by Plaintiff Kentorre D. Hall on October 20, 2017, is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff's claims against Defendant United States of America are **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction, and Plaintiff's claims against Defendant Melanie Rube are **DISMISSED WITH PREJUDICE**. Plaintiff's claims against the remaining Defendants Sheriff of Pearl River County, Mississippi; David "Unknown," Nursing Supervisor; Pearl River County, Mississippi; David Kilgore; and John Does will proceed.

**SO ORDERED AND ADJUDGED**, this the 7th day of September, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE